

WM/CAS: USAO 2011R00698

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | DKC 11 CR 0533 |
| v. | * | CRIMINAL NO. |
| **JOSEPH AVERY CAMPBELL,** | * | (Entering Bank With Intent to Commit Larceny, 18 U.S.C. §§ 2113(a)(second paragraph) and (f); Bank Larceny, 18 U.S.C. § 2113(b); Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c)) |
| Defendant | * | |

*******

### INDICTMENT

### COUNT ONE

The Grand Jury for the District of Maryland charges that:

On or about February 8, 2011, in the District of Maryland, the defendant,

**JOSEPH AVERY CAMPBELL,**

did enter and attempt to enter a bank and any building used in whole or in part as a bank – to wit, an automatic teller machine belonging to PNC Bank, N.A., located at 7300 Hanover Parkway, Greenbelt, Maryland, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation – with the intent to commit in such bank and in such building, or part thereof, so used, larceny.

18 U.S.C. §§ 2113(a)(second paragraph) & (f)
18 U.S.C. § 2

## COUNT TWO

The Grand Jury for the District of Maryland further charges that:

On or about February 8, 2011, in the District of Maryland, the defendant,

**JOSEPH AVERY CAMPBELL,**

did take and carry away, with the intent to steal and purloin, money in the amount of $8,000 more or less, and property consisting of the vault of an automated teller machine, in the care, custody, control, management and possession of the U.S. Postal Service Federal Credit Union, located at 7905 Malcolm Road, Clinton, Maryland, a Federal credit union whose accounts were then insured by the National Credit Union Administration Board.

18 U.S.C. §§ 2113(b) & (f)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further charges that:

1.  As a result of the offenses alleged in Counts One and Two of this Indictment, the defendant,

**JOSEPH AVERY CAMPBELL,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation. The property to be forfeited includes, but is not limited to $8,000 in United States currency and all interest and proceeds traceable thereto, in that such sum is proceeds obtained, directly or indirectly, as a result of such violation.

### Substitute Assets

3.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of any defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third person;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or,

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property, that is, at least $8,000.

18 U.S.C. § 981(a)(1)(C)
28 U.S.C. § 2461(c)

Rod J. Rosenstein
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

September 26, 2011
Date

4